


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 06-725 (JP) |
| | : FILED UNDER SEAL |
| PAYMENT PROCESSING CENTER, LLC, AND DONALD M. HELLINGER, MICHAEL WEISBERG, RANDY D. TROST, JAMI M. PEARLMAN, MICHELLE O'KEEFE QUIGLEY, RONALD HELLINGER, AND ROBERT DEBOYCE, | : |
| Defendants. | : |

FEB 2 . 2006

**TEMPORARY RETRAINING ORDER**

**AND NOW**, this 21st day of February, 2006, upon consideration of United States of America's Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction, it is **ORDERED** that the motion is **GRANTED**. It is **FURTHER ORDERED** that defendants Payment Processing Center LLC, Donald M. Hellinger, Michael Weisberg, and Randy D. Trost, and relief defendants Jami M. Pearlman, Michelle O'Keefe Quigley, Ronald Hellinger, and Robert Deboyce, the financial institutions identified herein (with respect to subparagraph (v)), and all other persons and entities in active concert or participation with the defendants who receive actual notice of the Court's order, are hereby enjoined from:

(i)  processing bank drafts in all instances where the purported authorization for the bank draft has been obtained in connection with outbound telemarketing;

(ii) processing bank drafts in all instances where the return rate on deposited bank drafts for a merchant telemarketer exceeds two (2) percent in any one-week period;

(iii) processing bank drafts for all merchants that are, or that have been within the past two years, the subject of an action or inquiry by any state or federal regulatory agency (defendants shall identify to plaintiff all existing and prospective merchants; plaintiff shall inform defendants within five (5) business days whether it is aware that a merchant is, or has been within the past two years, the subject of an action or inquiry by any state or federal regulatory agency; plaintiff is not required to disclose nonpublic investigations);

(iv) processing bank drafts for all merchants owned by, or that employ, or that consult with, a person who is, or who has been within the past two years, the subject of an action or inquiry by any state or federal regulatory agency (defendants shall identify to plaintiff all owners, employees and consultants of all existing and prospective merchants; plaintiff shall inform defendants within ten (10) business days whether it is aware that a merchants' owners, employees or consultants is, or has been within the past two years, the subject of an action or inquiry by any state or federal regulatory agency; plaintiff is not required to disclose nonpublic

        investigations);

(v)    transferring, withdrawing, pledging, encumbering, disposing of, or otherwise using funds in any of the following bank accounts:

*PPC Accounts*

Wachovia Bank Account No. 2000018538232

Wachovia Bank Account No. 2000018853548

Wachovia Bank Account No. 2000018853797

Wachovia Bank Account No. 2000013369422

Wachovia Bank Account No. 2000013369448

Wachovia Bank Account No. 2000013369529

Wachovia Bank Account No. 2000018538274

Wachovia Bank Account No. 2000013369435

Commerce Bank Account No. 0366843308

*D. Hellinger Accounts*

Wachovia Bank Account No. 2000013367107

First Trust Bank Account No. 70-16037

*Weisberg Accounts*

PNC Bank Account No. 8400700053

PNC Bank Account No. 8995987881

PNC Bank Account No. 8610434697

*Pearlman Accounts*

Commerce Bank Account No. 0365739051

Commerce Bank Account No. 0367576766

*D. Hellinger and Pearlman Account*

National Penn Bank Account No. 215699939

*Quigley Account*

Commerce Bank Account No. 0367773447

*R. Hellinger Accounts*

Commerce Bank Account No. 0365738905

Commerce Bank Account No. 0365164011

Commerce Bank Account No. 0361941958

*DeBoyace Accounts*

Sovereign Bank Account No. 0721070116

*Quigley, DeBoyace and Pearlman Account*

Wachovia Bank Account No. 20000018538902

\*   \*   \*

(vi)   establishing any new bank accounts;

(vii)  dissipating, transferring, selling, withdrawing, pledging, encumbering, disposing of, or otherwise using, any personal or business assets that were derived or obtained from telemarketing-related activities and/or payment processing-related activities, or that are co-mingled with money or other assets derived or obtained from telemarketing-related activities and/or payment processing-related activities;

(viii)  opening or attempting to open safe-deposit boxes and/or safes into which proceeds of telemarketing-related activities and/or payment processing-related activities have deposited, transferred or placed;

(ix)  concealing from plaintiff any assets;

(x)  defendants and relief defendants shall disclose to plaintiff within two (2) days of the service of this injunctive order the identity of all banks, brokerage houses and/or other financial institutions, and respective account numbers, and the location of all safe-deposit boxes and/or safes, into which proceeds of telemarketing-related activities and/or payment processing-related activities have been deposited, transferred or placed; and

(xi)  destroying or otherwise discarding any records (including electronically-stored information) relating to the business of Payment Processing Center, LLC, and any business activity related to telemarketing and/or payment processing.

**IT IS FURTHER ORDERED** that a status conference shall be held on the 24th day of February 24, 2006, at 10:00 a.m., in Courtroom 17-B. All parties, or their respective counsel, must attend. A hearing will be held on February 27, 2006, at 10:00 a.m., in Courtroom 17-B.

**IT IS FURTHER ORDERED** that plaintiff shall serve a copy of this order, the Verified Complaint for Injunctive Relief, and the motion for a restraining order and supporting

memorandum of law, upon each defendant and relief defendant, by hand delivery upon the person, or otherwise pursuant to Rule 4(e), Fed.R.Civ.P.

BY THE COURT:

_____
**HONORABLE JOHN R. PADOVA**
**Judge, United States District Court**